IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Cecil E. Fox,<br><br>Plaintiff,<br><br>v.<br><br>Lexington County Detention Center;<br>Lexington County Sheriffs Department,<br><br>Defendants. | ) | C/A No. 0:26-1122-BHH-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Cecil E. Fox, a self-represented state pretrial detainee, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. §§ 1915A and 1915.

Plaintiff's initial Complaint was a barely legible, unsigned letter to the Clerk of Court. (See ECF No. 1.) By order dated March 23, 2026, Plaintiff was provided an opportunity to submit the documents necessary to bring the case into proper form for evaluation and possible service of process. (ECF No. 5.) In response, Plaintiff filed the requested documents and an Amended Complaint. (ECF Nos. 7-9.)

Because Plaintiff's Amended Complaint suffered from pleading deficiencies rendering it subject to summary dismissal, including Plaintiff's failure to indicate the defendants against whom he was bringing suit and the damages he was seeking, the court issued an Order Regarding Amendment of Complaint and provided Plaintiff the opportunity to cure those deficiencies by filing a second amended complaint. (ECF No. 15.) However, apparently Plaintiff did not receive the Order Regarding Amendment of Complaint, as it was returned to the court as undeliverable mail and stamped "ATW RTS." (ECF No. 20.) Plaintiff has not provided the court with a new address at which he receives mail, despite being instructed to notify the court in writing of any

address change in the March 23, 2026 order, which Plaintiff did apparently receive. (See ECF No. 5 at 2.)

Consequently, this matter should be summarily dismissed for Plaintiff's failure to comply with a court order and failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). A court may also *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Id. at 630. Moreover, "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (citing Federal Rule of Civil Procedure 41(b)). "Given the inherent judicial authority to make such dismissals, a court may, in appropriate circumstances, enter such a dismissal sua sponte, even absent advance notice of 'the possibility of dismissal.' " Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (quoting Link, 370 U.S. at 632-33); Lutfi v. Training Etc, Inc., 787 F. App'x 190, 191 (4th Cir. 2019) ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case.").

Here, dismissal of Plaintiff's action is the only appropriate sanction for Plaintiff's failure to comply with a court order to keep his address current as the court has no way to communicate with Plaintiff. The court should dismiss the action without prejudice because the court has not authorized the issuance and service of process. Therefore, no parties would be prejudiced if

Plaintiff refiles the action. Accordingly, the court recommends this action be summarily dismissed without prejudice.

July 29, 2026
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).